IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MORPHO KOMODO LLC | § § § | |
| PLAINTIFF, | § § | CIVIL ACTION NO. |
| V. | § § | JURY TRIAL DEMANDED |
| AMG EMPLOYEE MANAGEMENT, INC. d/b/a TIME MASTERS | § § § § | |
| Defendant. | § § § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Morpho Komodo LLC ("Morpho" or "Plaintiff"), through the undersigned attorneys, and for its Complaint against AMG Employee Management, Inc. d/b/a "Time Masters" ("AMG" or "Defendant") states, alleges and prays as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") to prevent and enjoin Defendant from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or consent from Morpho, in connection with U.S. Patent No. 7,350,078 (the "'078 Patent"), U.S. Patent No. 8,429,415 (the "'415 Patent") and U.S. Patent No. 9,026,798 (the "'798 Patent") (collectively, the "Asserted Patents")(attached hereto as Exhibits A, B, and C, respectively) pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, and costs.

**THE PARTIES**

2. Plaintiff Morpho is a limited liability company organized under the laws of the State of Texas with its principal place of business at 214 W Fannin St., Marshall, TX 75670.

3. On information and belief, Defendant AMG Employee Management, Inc. d/b/a "Time Masters" is a corporation organized and existing under the laws of the State of California with its principal place of business at 3235 N San Fernando RD, 1D, Los Angeles CA 90065. AMG's registered agent for service of process is Mr. Tigran Galstyan with address at 1217 Crescent Dr. #C, Glendale CA 91205.

4. On information and belief, AMG is in the business of making, using, selling, offering for sale and/or importing biometric access control and time and attendance devices and related software.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. §§1 et seq.

6. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, as well as because of the injury to Morpho and the cause of action Morpho has raised, as alleged herein.

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long-Arm Statute, due to at least its substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this District.

8. Defendant has conducted and does conduct business within this District, directly or through intermediaries, resellers, agents, or offer for sale, sell, and/or advertise (including the use of interactive web pages with promotional material) products in this District that infringe the Asserted Patents.

9. In addition to Defendant's continuously and systematically conducting business in this District, the causes of action against Defendant is connected (but not limited) to Defendant's purposeful acts committed in this District, including Defendant's making, using, importing, offering for sale, or selling products which include features that fall within the scope of at least one claim of the Asserted Patents.

10. Venue lies in this District under 28 U.S.C. §§1391 and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, and has committed and continues to commit acts of patent infringement in this District. For example, Defendant has used, sold, offered for sale, and/or imported infringing products in this District.

## THE PATENTS-IN-SUIT

### *The '078 Patent*

11. On March 25, 2008, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '078 Patent, entitled "User selection of computer login" after a full and fair examination.

12. Morpho is presently the owner by assignment of the '078 Patent, having received all right, title, and interest in and to the '078 Patent from the previous assignee of record. Morpho possesses all rights of recovery under the '078 Patent, including the exclusive right to recover for past infringement.

13. The '078 Patent is valid and enforceable.

14. The '078 Patent contains five independent claims and eighteen dependent claims.

### The '415 Patent

15. On April 23, 2013, the USPTO duly and legally issued the '415 Patent, entitled "User-selectable signatures" after a full and fair examination.

16. Morpho is presently the owner by assignment of the '415 Patent, having received all right, title and interest in and to the '415 Patent from the previous assignee of record. Morpho possesses all rights of recovery under the '415 Patent, including the exclusive right to recover past infringement.

17. The '415 Patent is valid and enforceable.

18. The '415 Patent contains one independent claim and 16 dependent claims.

### The '798 Patent

19. On May 5, 2015, the USPTO duly and legally issued the '798 Patent, entitled "User-selectable signature" after a full and fair examination.

20. Morpho is presently the owner by assignment of the '798 Patent, having received all right, title and interest in and to the' 798 Patent from the previous assignee of record. Morpho possesses all rights of recovery under the '798 Patent, including the exclusive right to recover past infringement.

21. The '798 Patent is valid and enforceable.

22. The '798 Patent contains one independent claim and 16 dependent claims.

### **DESCRIPTION OF THE ACCUSED INSTRUMENTALITIES**

23. Defendant's identification devices (the "Infringing Products"), including but not limited to the AMG FR-2000 device, perform a computer-implemented method for creating a signature for subsequent authentication.

24. Infringing Products marketed, used, and sold by the Defendant, such as the AMG FR-2000 device, include each and every feature of the patented device.

25. For example, the Infringing Product includes a program memory, a data storage memory, and first and second input devices which are selectable by a user to allow the user to generate a reference signature that can be compared to a future submitted signature for authentication purposes to determine whether access should be granted.

26. Specifically, the AMG FR-2000 device has a menu that allows users to select among various authentication methods (i.e., provide secured access) such as password and fingerprint, which are configured using the Infringing Product's touchscreen and fingerprint sensor accordingly (i.e., other than by using a keyboard).

## COUNT I: DIRECT INFRINGEMENT OF THE '078 PATENT

27. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-26.

28. Taken together, either partially or entirely, the features included in the Infringing Products, such as the exemplary product AMG FR-2000 device, perform the process recited in one or more of the claims of the '078 Patent.

29. Defendant directly infringes one or more of the claims of the '078 Patent by making, using, selling, offering to sell and/or importing the computer-implemented method for creating a signature for subsequent authentication described in the '078 Patent in violation of 35 USC § 271(a).

## COUNT II: INDIRECT INFRINGEMENT OF THE '078 PATENT

*Inducing Infringement*

30. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-29.

31. Defendant has had knowledge of infringement of the '078 Patent at least as of the service of the complaint.

32. Defendant indirectly infringes one or more claims of the '078 Patent by actively inducing the infringement of its respective customers, users, and/or licensees who directly infringe by performing the patented process in violation of 35 USC § 271(b).

33. Defendant actively induces others, such as its customers, users, and/or licensees, to use the Infringing Products, including but not limited to the AMG FR-2000 device, which perform every step of the process recited in one or more claims of the '078 Patent.

34. Such use by the Infringing Products performs the computer-implemented method identified in one or more of claims of the '078 Patent. For example, the AMG FR-2000 device User Guide instructs, among others, its customers, users, and/or licensees to perform certain acts by virtue of its use of the AMG FR-2000 device. Defendant's customers, users, and/or licensees perform those acts when they use the AMG FR-2000 device.

*Contributory Infringement*

35. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-34.

36. With knowledge of the patent in suit, Defendant indirectly infringes the '078 Patent by contributing to the direct infringement of a class of actors which includes the end-users of its devices, as well as customers, users, and/or licensees, by encouraging the class of actors to use the Infringing Products which perform all the steps of the patented process as described in one or more claims of the '078 Patent, aware of the fact that such acts amount to

infringement of one or more claims of the '078 Patent and with the specific intent to contribute to the infringement.

37. Defendant employs authentication methods in its devices, including but not limited to the Infringing Products, which are components of a patented machine covered by one or more claims of the '078 Patent, constitute a material part of the invention, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

38. Defendant has known that such authentication method employed by its devices, including but not limited to the Infringing Products, was especially made or especially adapted for use in infringement of the '078 Patent at least of the service of the present complaint.

39. By engaging in the conduct described herein, Defendant has injured Morpho and is thus liable for indirectly infringing the '078 Patent by contributing to the direct infringement of one or more claims of the '078 Patent, in violation of 35 U.S.C. §271(c).

## COUNT III: DIRECT INFRINGEMENT OF THE '415 PATENT

40. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-39.

41. Taken together, either partially or entirely, the features and elements embodied in the Infringing Products, including but not limited to the AMG FR-2000 device, meet each and every element of the computing device recited in one or more of the claims of the '415 Patent.

42. Defendant directly infringse one or more of the claims of the '415 Patent by making, using, selling, offering to sell and/or importing the computing device providing secured access described in the '415 Patent in violation of 35 USC § 271(a).

## COUNT IV: INDIRECT INFRINGEMENT OF THE '415 PATENT

*Inducing Infringement*

43. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-42.

44. Defendant has had knowledge of infringement of the '415 Patent at least as of the service of the present complaint.

45. Defendant indirectly infringe one or more claims of the '415 Patent by actively inducing the infringement of its respective customers, users, and/or licensees who directly infringe by making, using, selling, offering to sell, and/or importing the patented computing device in violation of 35 USC § 271(b).

46. Defendant actively induces others, such as its customers, users, and/or licensees, to use the Infringing Products, including but not limited to the AMG FR-2000 device, which contain each and every element of the computing device recited in one or more of the claims of the '415 Patent.

47. Such use of the Infringing Products meets each and every feature recited in one or more of claims of the '415 Patent infringes the patent. For example, the AMG FR-2000 device User Guide instructs, among others, its customers, users, and/or licensees to perform certain acts for using the AMG FR-2000 device. Defendant's customers, users, and/or licensees perform those acts when using, among others, the AMG FR-2000 device.

*Contributory Infringement*

48. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-47.

49. With knowledge of the patent in suit, Defendant indirectly infringes the '415 Patent by contributing to the direct infringement of a class of actors which includes the end-users of its identification devices, as well as customers, users, and/or licensees, by encouraging the class of actors to use the Infringing Products which meet each and every element of the patented computing device as described in one or more claims of the '415 Patent, aware of the fact that such acts amount to infringement of one or more claims of the '415 Patent and with the specific intent to contribute to the infringement.

50. Defendant employs authentication features in its computing devices, including but not limited to the Infringing Products, which are components of a patented machine covered by one or more claims of the '415 Patent, constitute a material part of the invention, and are not a staple article or commodity of commerce suitable for substantial non- infringing use.

51. Defendant has known that such authentication features employed by its computing devices, including but not limited to the Infringing Products, were especially made or especially adapted for use in infringement of the '415 Patent at least of the service of this complaint.

52. By engaging in the conduct described herein, Defendant has injured Morpho and is thus liable for indirectly infringing the '415 Patent by contributing to the direct infringement of one or more claims of the '415 Patent, in violation of 35 U.S.C. §271(c).

**COUNT V: DIRECT INFRINGEMENT OF THE '798 PATENT**

53. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-52.

54. Taken together, either partially or entirely, the features included in the Infringing Products, including but not limited to AMG FR-2000 device, perform the process recited in one or more of the claims of the '798 Patent.

55. Defendant directly infringes one or more of the claims of the '798 Patent by making, using, selling, offering to sell and/or importing the computer-implemented method for creating a user-selectable signature described in the '798 Patent in violation of 35 USC § 271(a).

### COUNT VI: INDIRECT INFRINGEMENT OF THE '798 PATENT

*Inducing Infringement*

56. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-55.

57. Defendant has had knowledge of infringement of the '798 Patent at least as of the service of the present complaint.

58. Defendant indirectly infringes one or more claims of the '798 Patent by actively inducing the infringement of its respective customers, users, and/or licensees who directly infringe by performing the patented process in violation of 35 USC § 271(b).

59. Defendant actively induces others, such as its customers, users, and/or licensees, to use the Infringing Products, including but not limited to the AMG FR-2000 device, that perform all the steps of the process recited in one or more claims of the '798 Patent.

60. Such use by the Infringing Products performs the computer-implemented method identified in one or more of claims of the '798 Patent. For example, the AMG FR-2000 device User Guide instructs, among others, its customers, users, and/or licensees to perform certain

acts by virtue of its use of the AMG FR-2000 device. Defendant's customers, users, and/or licensees perform those acts when they use the AMG FR-2000 device.

*Contributory Infringement*

61. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-60.

62. With knowledge of the patent in suit, Defendant indirectly infringes the '798 Patent by contributing to the direct infringement of a class of actors which includes the end-users of its identification devices, as well as customers, users, and/or licensees, by encouraging the class of actors to use the Infringing Products which perform all the steps of the patented method as described in one or more claims of the '798 Patent, aware of the fact that such acts amount to infringement of one or more claims of the '798 Patent and with the specific intent to contribute to the infringement.

63. Defendant employs authentication methods in its computing devices, including but not limited to the Infringing Products, which are components of a patented machine covered by one or more claims of the '798 Patent, constitute a material part of the invention, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

64. Defendant has known that such authentication method employed by its computing devices, including but not limited to the Infringing Products, was especially made or especially adapted for use in infringement of the '798 Patent at least of the service of this complaint.

65. By engaging in the conduct described herein, Defendant has injured Morpho and is thus liable for indirectly infringing the '798 Patent by contributing to the direct infringement of one or more claims of the '798 Patent, in violation of 35 U.S.C. §271(c).

## DEMAND FOR JURY TRIAL

66. Morpho demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Morpho prays for the following relief:

1. That Defendant be adjudged to have infringed the Asserted Patents, directly and/or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

2. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with it, be preliminarily and permanently restrained and enjoined from directly and/or indirectly infringing the Asserted Patents;

3. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Morpho for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

5. That Defendant be directed to pay enhanced damages, including Morpho's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6. That Morpho has such other and further relief as this Court may deem just and proper.

Dated: July 24, 2015

Respectfully Submitted,

By:
William E. Davis, III
Texas State Bar No. 24047416
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email: bdavis@bdavisfirm.com

*Of Counsel*
/s/Eugenio J. Torres-Oyola
Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001

**ATTORNEYS FOR PLAINTIFF
MORPHO KOMODO LLC**